# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Michael Rees,

|  |  |
|---|---|
| Petitioner, | Case No. 25-cv-10293 |
| v. | Judith E. Levy |
|  | United States District Judge |
| Eric Rardin, |  |
|  | Mag. Judge Kimberly G. Altman |
| Respondent. |  |

_____/

## **ORDER DENYING PETITIONER'S MOTION TO VACATE [10]**

On September 16, 2025, the Clerk's Office filed Petitioner Michael Rees' motion to vacate. (ECF No. 10.) Petitioner asks the Court to vacate its order dismissing his habeas petition without prejudice.[1] (ECF No. 8.) Petitioner is self-represented or *pro se*. On April 6, 2026, the Court issued an order requiring Petitioner to inform the Court whether he wishes to pursue his motion to vacate. (ECF No. 11.) The Court's order stated:

> Petitioner was previously incarcerated at Federal Correctional Institution, Milan in Milan, Michigan. Given

---

[1] The Court dismissed the habeas petition without prejudice due to Petitioner's failure to pay the filing fee or submit the necessary papers to proceed *in forma pauperis* after the Court granted his request for an extension of time to correct the filing fee deficiency. (ECF No. 10, PageID.32–34.)

that Petitioner is now located at Residential Reentry Management Chicago in Downers Grove, Illinois, Petitioner must inform the Court in writing by **May 1, 2026** whether he wishes to pursue his motion to vacate. **Failure to comply with this order may result in sanctions, including the denial of the motion to vacate.**

(*Id.* at PageID.43 (emphasis in original).) The deadline specified in the Court's order has elapsed. The Court has not received any communication from Petitioner. Petitioner has not requested an extension of time to respond. Moreover, there is no indication on the docket that the order was returned to the Court as undeliverable.[2]

Based on the language in the Court's April 6, 2026 order and Petitioner's failure to respond to the order, the Court assumes that Petitioner no longer wishes to pursue his motion to vacate. Petitioner has not demonstrated otherwise even though the Court required him to provide an update. The Court warned Petitioner that his motion to vacate may be denied if he failed to comply with the Court's order. (*Id.*) Having

---

[2] The Federal Bureau of Prisons' (BOP) website reflects that Petitioner is "[n]ot in BOP Custody as of: 05/08/2026." *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 22, 2026). Therefore, Petitioner was released from BOP custody approximately one month after the Court issued its order requiring him to inform the Court whether he wishes to pursue his motion to vacate. (ECF No. 11.)

considered Petitioner's motion to vacate as well as the fact that Petitioner did not respond to the Court's order and has not indicated to the Court that he wishes to pursue his motion, Petitioner's motion to vacate (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2026                           s/Judith E. Levy
    Ann Arbor, Michigan                  JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

3